```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Katie Lye Rutman

    v.                                                  Civil No. 17-cv-466-JL
                                                          Opinion No. 2018 DNH 213

U.S. Social Security
Administration, Commissioner

## ORDER ON APPEAL

Katie Lye Rutman has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments, Rutman retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. § 404.1505(a). The Appeals Council later denied Rutman's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on her application, see id. § 404.981. Rutman then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Rutman has moved to reverse the decision. See LR 9.1(b). The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See LR 9.1(e). After careful consideration, the court denies Rutman's motion and grants the Acting Commissioner's motion.

## I. Applicable legal standard

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The court therefore "must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Rutman's request for disability and disability insurance benefits. See 20 C.F.R. § 404.1520. The ALJ found that Rutman was insured under the Social Security Act only through March 31, 2014.[2] See 42 U.S.C. §§ 416(i); 423. After determining that Rutman had not engaged in substantial gainful activity between the alleged onset of her disability on April 1, 2013 and the date last insured, the ALJ analyzed the severity of her impairments. At this second step, the ALJ concluded that through the date last insured Rutman had several severe impairments: residual effects from motor vehicle accidents; chronic regional pain syndrome of the right upper extremity; carpal tunnel syndrome; migraine headaches; obesity; asthma; Major Depressive disorder; and Affective disorder.[3]

At the third step, the ALJ found that through the date last insured Rutman's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 11) is incorporated by reference.

[2] Admin. R. at 15.

[3] Admin. R. at 16.

Social Security regulations.[4]  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  After reviewing the medical evidence of record, medical opinions, and Rutman's own statements, the ALJ concluded that Rutman retained the RFC through the date last insured to perform light work, see 20 C.F.R. § 404.1567(b), with additional limitations:

> As for postural limitations, the claimant can stoop, kneel, crouch, and crawl occasionally.  In terms of manipulative limitations, the claimant can reach, handle, and finger frequently.  She must avoid concentrated exposure to temperature extremes (i.e. extreme heat and extreme cold), wetness, humidity, and irritants such as fumes, odors, dusts, gases, and poorly ventilated areas.  The claimant has the ability to carry[] out simple routine tasks, but can no longer remember or carry out detailed instructions.  Furthermore, the claimant is limited to a low stress job (defined as only occasional decision-making and occasional changes in work setting), with no more than occasional interaction with the public and co-workers.[5]

Finding that, even limited in this manner, Rutman was able to perform jobs that exist in significant numbers in the national economy through the date last insured, see 20 C.F.R. § 404.1566, the ALJ concluded his analysis and found that Rutman was not disabled within the meaning of the Social Security Act through the date last insured.

---

[4] Id.

[5] Admin. R. at 18.

## III. Analysis

Rutman primarily challenges the ALJ's determination that she retained the RFC to perform light work, with additional limitations, through the date last insured. Rutman directs the argument portion of her memorandum entirely towards this step-four issue, focusing on the consideration of her right upper extremity limitations.[6] But, in conclusion, she asks the court to remand the case for redetermination of the separate step-three question of whether she had an impairment or combination of impairments that meets or medically equals one of the listed impairments in the Social Security regulations.[7] Rutman has not identified any alleged error in the ALJ's step-three analysis. In the portion of that analysis addressing Rutman's right upper extremity impairment, the ALJ reasonably explains that Rutman's impairment did not fall under listing 1.02 because her testimony showed she retained the ability to perform fine and gross movements with her upper extremities effectively.[8] As there is no alleged or obvious error in the step-three analysis, the

---

[6] Doc. no. 7-1 at 3-4.

[7] Id. at 2.

[8] Admin. R. at 16. The ALJ could consider activities Rutman might perform with her left upper extremity because listing 1.02(B) requires "involvement of one major peripheral joint in each upper extremity . . . resulting in inability to perform fine and gross movements effectively." See 20 C.F.R. § 404, Subpart P, App. 1.

5

court focuses on Rutman's challenge to the ALJ's RFC determination.

In her brief arguments against the ALJ's RFC determination, Rutman questions the ALJ's decisions to afford little weight to both the results of June 2016 functional capacity testing and a June 2016 opinion submitted by Maria Martin, PA-C.[9] First, Rutman suggests the ALJ erred by awarding "partial weight" to an assessment based on October 2012 functional capacity testing but only "little weight" to the assessment based on the 2016 testing.[10] The ALJ adequately justified this difference. The ALJ acknowledged that the 2016 testing showed that Rutman's "functional capacities have deteriorated in some aspects such as in her ability to use her hands and in her lifting ability."[11] But he gave that assessment little weight "because it is well after the expiration of the date last insured and is from an unacceptable medical source, who cannot provide a medical opinion."[12] The 2016 testing occurred a little over two years after the date Rutman was last insured. The 2012 testing, on the other hand, took place approximately six months before

---

[9] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 3.

[10] Admin. R. at 22-23.

[11] Id. at 23. See id. at 1174-81.

[12] Id. at 23.

Rutman's alleged disability onset date. The ALJ did not err in weighing these assessments differently because of the difference in proximity to the alleged period of disability.

Second, Rutman challenges the low weight given to a June 2016 opinion from her primary care provider, PA-C Martin. PA-C Martin states in this opinion only that Rutman was under the care of Goodwin Community Health and that "based on recent functional capacity test done on June 3rd, she demonstrated minimal functional activity on her right arm and therefore she has limited use of her right arm."[13] The ALJ found that this opinion held "little evidentiary value as it only states that she has limited use of her right arm" without "objective support for her opinion" or "treatment notes to collaborate [sic] her findings."[14] Additionally, the ALJ found that "other opinion evidence is more persuasive because they provide specific functional limitations."[15] PA-C Martin's opinion, while very brief, does cite the June 2016 functional capacity testing. And the report on this testing was addressed to PA-C Martin.[16] But the ALJ reasonably found that testing to be of limited relevance

---

[13] Id. at 1182.

[14] Id. at 23.

[15] Id.

[16] Id. at 1175.

7

to Rutman's alleged period of disability.  The opinion does not offer any other support and only offers an assessment of Rutman's limitations as of June 2016, well after the date last insured.  The ALJ did not err in affording PA-C Martin's opinion limited weight.

Rutman also makes a broader challenge to the ALJ's RFC determination.  She argues that "with regard to his findings addressing [Rutman's] physical limitations the ALJ assigned either partial or limited weight to the findings of all of the medical sources that he addresses in his decision" and that all of these cited sources "indicated that [Rutman] was limited to occasional use of her right upper extremity."[17]  Rutman suggests this limitation would be decisive because the vocational expert at her hearing "testified that there would be no work" available when "the ALJ included the limitation of occasional use of the right upper extremity."[18]

The record does not support Rutman's argument.  The vocational expert testified that no work would be available if an individual with the limitations the ALJ ultimately included in his RFC determination could also only reach, handle, and finger occasionally, rather than frequently, with their right

---

[17] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 4.

[18] Id.

upper extremity.[19]  As the ALJ accurately noted in his decision, the 2012 functional capacity assessment reported that Rutman "has the ability to . . . perform simple and fine grasping activities frequently, except for a firm grasp with the right hand only occasionally."[20]  The ALJ gave this opinion partial weight.[21]  The ALJ also specifically reviewed Rutman's treatment records regarding hand and wrist pain, and found that they supported a finding that she could "handle, feel, and finger on a frequent basis" through the date last insured.[22]  The ALJ, as discussed supra, noted that the 2016 functional testing showed possible deterioration in Rutman's ability to use her hands, but gave this opinion little weight.[23]  While the record arguably could support a different conclusion, the ALJ's decision must be upheld if it is supported by substantial evidence.  The 2012 functional capacity testing and medical treatment records cited by the ALJ provide substantial evidence to support the conclusion that Rutman retained the ability to reach, handle, and finger frequently through the date last insured.  The ALJ's

---

[19] Admin. R. at 57-58.

[20] Id. at 22, 1002.

[21] Id. at 22-23.

[22] Id. at 20-21.

[23] Id. at 23.

RFC determination thus did not conflict with the testimony of the vocational expert and is supported by substantial evidence.

The ALJ did not err in giving little weight to functional capacity testing performed well after the last date Rutman was insured or to a medical opinion based entirely on this testing. Nor did the ALJ err in finding that Rutman could reach, handle, and finger frequently through the date last insured, as substantial evidence exists to support that conclusion.

## IV. Conclusion

For these reasons, the Acting Commissioner's motion to affirm[24] is GRANTED and Rutman's motion to reverse and remand the Acting Commissioner's decision[25] is DENIED. The Clerk of Court shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: November 1, 2018

cc: Christopher G. Roundy, Esq.
    Terry L. Ollila, AUSA

---

[24] Doc. no. 9.

[25] Doc. no. 7.

10